United States District Court
Southern District of Texas
**ENTERED**
February 05, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ANGELIQUE HOWEN, § § Plaintiff. § § v. § § COMMISSIONER OF SOCIAL § SECURITY, § § Defendant. § | CIVIL ACTION NO. 3:23-cv-00123 |

## <u>OPINION AND ORDER</u>

Plaintiff Angelique Howen ("Howen") seeks judicial review of an administrative decision denying her application for disability and disability insurance benefits under Title II of the Social Security Act (the "Act"). *See* Dkt. 1. Before me are competing motions for summary judgment filed by Howen and Defendant Martin O'Malley, the Commissioner of the Social Security Administration (the "Commissioner").[1] *See* Dkts. 9, 12. After reviewing the briefing, the record, and the applicable law, Howen's motion for summary judgment (Dkt. 9) is **GRANTED**, and the Commissioner's motion for summary judgment (Dkt. 12) is **DENIED**.

## BACKGROUND

On December 15, 2017, Howen filed an application for Title II disability and disability insurance benefits, alleging disability beginning November 27, 2017. Her application was denied and denied again upon reconsideration. Subsequently, an Administrative Law Judge ("ALJ") held a hearing and found that Howen was not disabled. Howen filed an appeal with the Appeals Council. The Appeals Council

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. O'Malley is "automatically substituted" as the defendant in this suit. FED. R. CIV. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

denied review on September 3, 2019. Howen appealed, and on March 25, 2021, Judge Peter Bray remanded this case to the Commissioner for further proceedings. On April 27, 2021, the Appeals Council ordered Howen's case remanded to the ALJ. On September 7, 2021, the ALJ held a hearing at which Howen, a medical expert, and a vocational expert ("VE") testified. On November 24, 2021, the ALJ found that Howen was not disabled. On December 1, 2021, Howen appealed again to the Appeal Council. On March 10, 2022, the Appeals Council remanded the case, this time to a different ALJ. On August 31, 2022, a new ALJ held a hearing at which Howen, a medical expert, and a vocational expert ("VE") testified. On November 2, 2022, the new ALJ also found that Howen was not disabled. Howen appealed for a third time to the Appeals Council, which denied review on February 17, 2023, making the Commissioner's decision ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to (1) whether the Commissioner applied the proper legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. *See Est. of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post*

*hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in *any* substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (cleaned up). The ALJ uses a five-step approach to determine if a claimant is disabled, including:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See id*. Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id*.

## THE ALJ'S DECISION

The ALJ found at Step 1 that Howen "has not engaged in substantial gainful activity since November 27, 2017, the alleged onset date." Dkt. 5-3 at 22.

The ALJ found at Step 2 that Howen "has the following severe impairments: Chronic Persistent Asthma; Chronic Obstructive Pulmonary Disease (COPD); Liver Cirrhosis with Portal Hypertension; Disorders of the Thoracic Spine; Hypertensive Heart Disease/Hypertension Without Heart Failure; Reversible Ischemia/Ischemic Heart Disease with Arrythmia; Obesity; Obstructive Sleep Apnea; Major Depressive Disorder; Mixed Anxiety Disorder; Post-Traumatic Stress Disorder." *Id*. at 23.

At Step 3, the ALJ found that Howen "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." *Id.* at 24.

Prior to consideration of Step 4, the ALJ determined Howen's RFC as follows:

> [Howen] has the residual functional capacity to perform a reduced range of light work. Specifically, due to [Howen]'s physical impairments, that is, asthma, COPD, liver disease, disorders of the thoracic spine, heart disease, hypertension, obesity and obstructive sleep apnea, she is limited as follows: [Howen] can lift and/or carry 20 pounds occasionally and 10 pounds frequently and sit for six hours in an eight-hour workday with normal breaks. However, [she] is limited to merely hours of standing and/or walking combined in an eight-hour workday. Pushing and pulling is limited to no more than only occasional. [She] can only occasionally stoop, crouch and negotiate stairs and ramps. In addition, she should never be required to climb ropes, ladders and scaffolds or work in proximity to hazards. Further, she should never be required to work in environments with concentrated exposure to pulmonary irritants or in extreme temperatures. Due to her mental impairments, [Howen] is limited to understanding, remembering and carrying out detailed and simple repetitive but not complex tasks. Due to [Howen]'s adaptational limitation that have resulted from her mental impairments, she should never be subjected to more than only occasional changes in the work setting. Further, due to [Howen]'s social limitations caused by her mental impairments, she should be limited to no more than only occasional interactions with the public and coworkers, and [she] should never be required to work in proximity to crowds.

*Id.* at 30.

At Step 4, the ALJ found that "[Howen] is unable to perform any past relevant work." *Id.* at 39.

Nevertheless, at Step 5, relying on the Medical-Vocational Guidelines, the ALJ found that Howen is not disabled because "there are jobs that exist in significant numbers in the national economy that [Howen] can perform." *Id.*

## DISCUSSION

Howen is representing herself in this appeal and raises a number of issues. I do not reach those issues, however, because my own review of this case reveals that the ALJ's decision is not supported by substantial evidence. Specifically, "the ALJ relied on vocational expert testimony given in response to a hypothetical question that included an RFC different from the RFC the ALJ recognized in his decision." *Montalbo v. Saul*, No. 3:20-cv-00038, 2020 WL 6947256, at *4 (S.D. Tex. Nov. 10, 2020) (cleaned up).

In his decision, the ALJ found that Howen "is limited to **merely hours** of standing and/or walking combined in an eight-hour workday." Dkt. 5-3 at 30 (emphasis added). Yet, the only hypothetical the ALJ posed to the VE regarding standing and/or walking limitations was whether jobs existed if "the amount of standing and/or walking [was reduced] to ***four out of eight hours***." *Id*. at 133 (emphasis added). Perhaps the ALJ meant to say that Howen was limited to merely four hours of standing and/or walking. Indeed, the omission of "four" is likely a regrettable typographical omission. But "I'm unwilling to go down that rabbit hole because it would require me to speculate about what the ALJ meant" when crafting the RFC. *Montalbo*, 2020 WL 6947256, at *4. "[M]erely hours" could mean four hours, but it could also mean two or three hours. I cannot and will not speculate what the ALJ meant when placing an indefinite limitation of "merely hours" on Howen's ability to stand and/or walk in an eight-hour workday.

The VE's testimony, which was "based on [the VE's] experience" was limited to "reducing the amount of standing and/or walking to ***four*** hours." Dkt. 5-3 at 134 (emphasis added). Because I cannot know how many hours of standing and/or walking in an eight-hour workday the ALJ meant to limit Howen to with his use of "merely hours," this case must be remanded to the Commissioner so the ALJ can clarify the limits of the RFC in his decision.

5

## CONCLUSION

For the reasons discussed above, Howen's motion for summary judgment (Dkt. 9) is **GRANTED**, and the Commissioner's motion for summary judgment (Dkt. 12) is **DENIED**. This case is **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

SIGNED this 5th day of February 2024.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE